# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-41203
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

November 8, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

DALILA SANCHEZ,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:11-CR-1111-1

Before HIGGINBOTHAM, HAYNES, and GRAVES, Circuit Judges.

PER CURIAM:*

Dalila Sanchez, federal inmate # 01843-379, moves this court for leave to proceed in forma pauperis (IFP) on appeal from the district court's denial of her 18 U.S.C. § 3582(c)(2) motion for a sentence reduction. By moving to proceed IFP, she is challenging the district court's determination that she was not entitled to appeal IFP. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997); FED. R. APP. P. 24(a)(5).

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-41203

To proceed IFP, Sanchez's appeal must involve "'legal points arguable on their merits (and therefore not frivolous).'" *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (citation omitted). Sanchez does not challenge the basis for the district court's determination that she was not entitled to proceed IFP on appeal because she was not eligible for a sentence reduction insofar as her guideline range was unchanged by Amendment 782. Thus, she has abandoned any challenge to that determination. *See Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987); *Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993). Moreover, her arguments that she should have been charged with simple possession rather than conspiracy and should have received a lower sentence based on her role in the offense are not properly before the court in a § 3582(c)(2) proceeding. *See Dillon v. United States*, 560 U.S. 817, 831 (2010) (explaining that § 3582(c)(2) does not authorize a resentencing; rather it permits a sentence reduction within the narrow bounds established by the Sentencing Commission).

Accordingly, this appeal does not present a nonfrivolous issue and has not been brought in good faith. *See Howard*, 707 F.2d at 220 (5th Cir. 1983). The motion for leave to proceed IFP is DENIED, and the appeal is DISMISSED as frivolous. *See Baugh*, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2.